JENKINS, J.,
concurs in part and dissents in part.
Id concur with the majority opinion in affirming- the defendant’s convictions on three counts of aggravated kidnapping, one count of armed robbery of Ms. Nguyen, and one count of attempted armed robbery of Mr. Robert. I also concur with the majority opinion in affirming the defendant’s sentence for three counts of aggravated kidnapping, and vacating and remanding the case to the trial court for resentencing and/or clarification of the sentences the defendant received for the armed robbery of Ms. Nguyen, and the attempted armed robbery of Mr. Robert.
"I respectfully dissent from the majority opinion with respect to defendant’s conviction for the attempted armed robbery of Mr. Schiro. I do not find that the element of.specific intent was proved beyond a reasonable doubt.
Attempted armed robbery is comprised of the following elements: (1) the specific intent to take something of value; (2) from another pérson; (3) using force or intimidation; (4) armed with a dangerous weapon; and (5) the perpetrator further does or omits an act for the purpose of and tending directly toward robbery. State v. Wix, 02-1493, p. 11 (La.App. 4 Cir. 1/15/03); 838 So.2d 41, 48.
^Specific criminal intent is “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to *835 follow his act or failure to act.” La. R.S. 14:10(1).
In order to affirm a conviction, an appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational fact-finder to conclude that every element of the crime was proved beyond a reasonable doubt, including specific intent. State v. Maxie, 93-2158, p. 11 (La.4/10/95); 653 So.2d 526, 531.
Because intent is a state of mind, it is very unusual to have direct evidence of intent. State v. Campbell, 15-0017, p. 13 (La.App. 4 Cir. 6/24/15); 171 So.3d 1176, 1184. Intent almost always must be proved by circumstantial evidence. Id. Ultimately, both direct and circumstantial evidence must be sufficient to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Ortiz, 96-1609, p. 12 (La.10/21/97); 701 So.2d 922, 930.
Here, there ⅛ no direct evidence of any specific intent by the defendant to rob Mr. Schiro. Although the majority opinion refers to “relentless verbal threats made by the gunmen” as proof of specific intent to rob Mr. Schiro, the record reflects that Ms. Nguyen, Mr. Robert, and Mr. Schiro all testified that the gunmen repeatedly ordered them to open the Walgreen’s safe or they would die.
, Circumstantial evidence, consisting of inferential reasoning, can support the element of specific intent beyond a reasonable doubt. State v. Davis, 06-1330, p. 10 (La.App. 4 Cir. 4/25/07); 958 So.2d 713, 719. Circumstantial evidence is evidence of facts or circumstances from which one might infer or conclude the existence of other facts. State v. Carter, 99-2234, p. 31 (La.App. 4 Cir. 1/24/01); 779 So.2d 125, 144. When circumstantial evidence forms the basis of a conviction, as .here, such evidence must consist of proof of collateral facts and |scircumstances from which the existence of the main fact may be inferred according to reason and common experience. Id.
Mr. Schiro testified that the defendant forced him into the employee break room, ordered him to lie face down on the floor with his hands behind his back, and attempted to secure Mr. Schiro’s extremities with zip ties. Mr. Schiro also testified that he watched the defendant pat down Ms. Nguyen and Mr. Robert, he watched the defendant take Ms. Nguyen’s cell phone, and watched Mr. Robert‘remove his wallet and place it on the floor in front of him. Mr. Schiro testified that the defendant did not pat him down, as he did with Ms. Nguyen and Mr. Robert, and did not take anything from him, as he did with Ms. Nguyen.
The majority opinion concludes that, under these circumstances, viewing the evidence in a light ■ most favorable to the prosecution, a rational'juror could “absolutely” conclude that the defendant" had the necessary intent to take something of value from Mr. Schiro.
I do not think that the trial testimony of Ms. Nguyen, Mr. Robert, and Mr. Schiro constitutes collateral facts and circumstances from which a reasonable jury could infer that the defendant intended to rob Mr. Schiro. The defendant did not demand anything of value from Mr. Schiro himself. The only threat- "made against Mr. Schiro was that' he open" the money safe or he would be-shot. Although'the fact that the defendant took Ms. Nguyen’s cell phone, and that Mr. Robert removed his wallet and placed it on the- floor, is sufficient evidence to support the defendant’s conviction of the armed robbery of Ms. Nguyen, and the attempted armed robbery of Mr. Robert, the mere fact that Mr. Schiro witnessed these acts against *836 others does not support the element of specific intent beyond a reasonable doubt with respect to Mr. Schiro.
I concur with the majority opinion in all other respects.